IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BYRON SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 2:20-CV-231 |
| MCR PUBLISHING, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court *sua sponte* following an initial screening of Plaintiff's Complaint. (Doc. 1). In his Complaint, Plaintiff states he is an adult resident of New York, New York, and that he possesses a copyright in a photograph which Defendant reproduced without his authorization. (Doc. 1 at 2 – 4). Plaintiff further contends this Court has jurisdiction to hear this matter because his claims arise under the United States' Copyright Act (17 U.S.C. § 101 *et seq.*), satisfying 28 U.S.C. § 1331's requirements for federal question jurisdiction, and that venue is appropriate pursuant to 28 U.S.C. § 1391(b).

Assuming without finding that the Court has jurisdiction to hear this matter, it nonetheless is the improper venue. Section 1391, of Title 28 of the United States Code, provides in relevant part:

> (b) Venue in general. --A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

1

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Further, when venue is not proper in the district of filing, a district court may dismiss an action or transfer it, in the interest of justice, to any other district or division where the action might have been brought. 28 U.S.C. § 1406(a)(1996); *see Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir. 2010) (unpublished) (*cert*. denied 562 U.S. 1250 (2011)).

From the face of the Complaint, this action appears to have no connection with the Southern District of Alabama. In the present action, the address given for Defendant is 8086 Westchester Place, Montgomery, Alabama 36117. (Doc. 1 at 2). Moreover, the events that gave rise to Plaintiff's action occurred in the Middle District of Alabama, where Defendant allegedly reproduced Plaintiff's photograph on its website. (*Id.* at 2 – 3). Accordingly, Plaintiff's action appears to have no connection to this District. Venue is therefore lacking in the Southern District and appears to be proper in the Middle District. Considering the foregoing, the Court transfers Plaintiff's action to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

**DONE and ORDERED** this 23rd day of April, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE